UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD CONROY,<br>            Plaintiff,<br><br>v.<br><br>BOUCHARD TRANSPORTATION CO., INC.,<br>            Defendant. | Civil Action No. 18-4833<br><br>**COMPLAINT** |

## I.    NATURE OF THE ACTION

1. This is an employment-disability related action brought by Plaintiff Edward Conroy ("Conroy") against his employer Defendant Bouchard Transportation Co., Inc. ("Bouchard").

2. Conroy seeks to redress his constructive discharge from employment as an Assistant Engineer of a sea vessel after being diagnosed with heart disease and cleared by his physician and the US Coast Guard to return to work.

## II.    JURISDICTION AND VENUE

3. The claims asserted herein arise under both federal and state law.

4. The jurisdiction of this Court is sought pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4), 2201 and 2202 of the Declaratory Judgment Act, Title I of the Americans with Disabilities Act of 1990 (as amended by the ADA Amendments Act of 2008), 42 U.S.C. §12101, *et seq.*

5. Conroy seeks pendant/supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 in conjunction with claims alleging violations of the New York City Human Rights Law, N.Y.C. Admin. Code §8-101, *et seq.*

6. The claims for violations of the New York City Human Rights Law are based upon the same operative facts supporting the federal claims.

7. The values of the rights in question is in excess of $75,000 exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the Defendant operates its business within this District.

### III.   JURY TRIAL DEMANDED

9. Plaintiff demands a trial by jury on each and every one of her claims as set forth below.

### IV.   CONDITION PRECEDENT

10. Prior to bringing this action, plaintiff filed an administrative charge of discrimination with the New York office of the United States Equal Employment Opportunity Commission naming the defendant as a respondent in that charge in compliance with the Americans with Disabilities Amendments Act, 42 U.S.C. §12101 *et seq*.

11. Over 180 days have elapsed since the filing and service of each plaintiff's charge of discrimination, which has not been resolved.

12. In addition, the plaintiff has obtained a right to sue letter permitting him to file the instant action in federal court.

13. Plaintiff brings this instant action within 90 days of the receipt of his right to sue letter.

14. The right to sue letter is attached.

## V.   PARTIES

**Plaintiff Edward Conroy**

15. Plaintiff Edward Conroy (Conroy) is a resident of the City of Riverview, State of Florida.

16. At all times relevant, he was employed by Bouchard and worked within the jurisdiction of the Southern District of New York.

17. Defendant Bouchard is located at 58 S. Service Road #150, Melville, New York 11747.

18. Defendant employs more than 50 persons and owns and operates a fleet of barges and tug engaged in the transportation of petroleum and oil through various waterways in the New York metropolitan area and other areas of the United States.

## VI.   ALLEGATIONS

19. Plaintiff began working for Defendant in New York in 2008 and at all times worked for Defendant in New York and around New York harbor.

20. Plaintiff is a duly qualified engineer who has at all times maintained the necessary license and minimum qualifications to work as an articulated tub boat engineer.

21. Plaintiff was hired to work as a tug boat engineer on a sea vessel transporting oil and petroleum in New York Harbor.

22. The duties and functions of a tub boat engineer include operating, repairing and maintaining the various systems aboard a ship according to the directions of the ship's captain and chief engineer, including the vessel's propulsion system, engines, pumps, generators, electrical, refrigeration, ventilation, heating and cooling systems.

23. Plaintiff was required and did maintain all the necessary credentials to work on a marine vessel, including the required Merchant Mariner's Credential from the U.S. Coast Guard, the Transportation Worker Identification Credential from the Transportation Security Administration and the necessary license.

24. At all times while employed by Defendant, Plaintiff worked on vessels transporting oil and petroleum through New York harbor to ports on Long Island.

25. In January of 2017, Plaintiff experienced severe chest pains, difficulty breathing and an inability to walk.

26. Plaintiff sought medical treatment and first diagnosed on or about January 19, 2017 with moderate heart disease.

27. Plaintiff was also diagnosed with unstable angina indicating the heart was not receiving enough blood flow and oxygen.

28. In sum, Plaintiff's heart muscle was not functioning normally because of coronary artery disease and thus was not able to appropriately circulate life sustaining blood in and out of his heart effectively to the rest of his major organs.

29. This disability effects the major life activities of breathing, walking, talking, sleeping, among others.

30. Thereafter, Plaintiff sought treatment and the disabling condition was mitigated with the medical implantation of stents into Plaintiff's diseased artery in January 2017.

31. After this procedure, Plaintiff was cleared by his cardiologist to return to work on February 14, 2017.

32. In February 2017, Plaintiff flew from his home in Florida to New York to return to work.

33. After working his 12 p.m. to 6 p.m. rotation in New York, Plaintiff suffered chest pains, shortness of breath and difficulty walking and reported as much to Captain Kevin Bannon.

34. Captain Kevin Brannon had Plaintiff removed from a marine vessel to James Mather Hospital.

35. This hospital transferred Plaintiff to Stony Brook Hospital by ambulance.

36. During this hospitalization, Plaintiff received medical treatment and the placement of additional stents into his artery to mitigate his coronary artery disease.

37. Defendant was notified about the Plaintiff's condition and need for sick time to recover.

38. Defendant's Port Engineer called Plaintiff and Plaintiff advised the Port Engineer that he had stents put in and required time off from work, to which the Port Engineer said "[o]kay, call me when you are okay" to return to work.

39. Plaintiff also was examined and cleared to return to work on April 10, 2017 by his treating cardiologist Dr. Aland Fernandez.

40. On April 24, 2017, Plaintiff obtained an independent medical examination pursuant to the United States Coast Guard protocols and procedures and received medical certification clearance to return to work.

41. The Plaintiff provided the above noted medical clearance information to Defendant.

42. Plaintiff repeatedly sought through various communications with his employer to obtain a work assignment so he could return to work.

43. It was normal protocol and practice for Plaintiff to call Defendant to obtain a work assignment prior to returning to work.

44. Plaintiff sent emails and telephoned the Defendant's employees.

45. Plaintiff's emails were not responded to.

46. Plaintiff's phone calls were not returned and when Plaintiff was able to speak to someone Plaintiff was advised that he would receive a call back, but never did.

47. Defendant through its agents, employees and supervisors intentionally and deliberately did not respond to Plaintiff's requests to receive a work assignment because of his disability thereby intentionally and deliberately denying Plaintiff the opportunity to return to work.

48. Defendant through its agents, employees and supervisors intentionally and deliberately did not respond to Plaintiff's requests to receive a work assignment in retaliation for Plaintiff requesting and taking medical leave in February 2017 through April of 2017.

49. Plaintiff was eligible and did qualify for medical leave having worked more than 1250 hours during the prior 12 months.

50. Defendant, through its agents, employees and supervisors has deliberately, knowingly and intentionally refused to permit Plaintiff to return to work by not providing Plaintiff with a work assignment in a timely fashion.

51. Plaintiff at all times performed his job satisfactorily.

52. Plaintiff was so well respected that as of 2014 he was recommended for consideration as a Chief Vessel Engineer onboard the Evening Star.

53. By not responding to Plaintiff's multiple requests for a work assignment in April of 2017 and after Plaintiff was medically cleared by the U.S. Coast Guard to return to work, Defendant constructively discharged the Plaintiff from employment.

6

54. Defendant has constructively discharged the Plaintiff from employment based upon his disability for no legitimate business justification.

55. Plaintiff has lost employment, back pay, front pay, medical benefits, pension, annuity and other benefits.

56. Plaintiff was earning between $85,000-$92,000 per year at the hourly rate of approximately $575 per day x 180 days per year.

57. Plaintiff would have earned an additional $10,000-12,000 per year if promoted to a Chief Vessel Engineer but for his constructive discharge by Defendant.

## FIRST CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES AMENDMENTS ACT, 42 U.S.C. §12101, *ET SEQ*. (ADAAA) FOR DISCRIMINATION

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. The defendants have violated plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq* (ADAAA) by constructively discharging him from employment.

60. Plaintiff has suffered injuries and damages, including the loss of employment; back pay, front pay, pension and benefits, loss of career advancement opportunities.

62. Plaintiff requests compensatory damages, punitive damages and equitable relief (declaratory and injunctive relief), attorneys' fees and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF HUMAN RIGHTS LAW, ADMINISTRATIVE CODE §8-107, *ET SEQ.,* BASED UPON DISABILITY

63. The plaintiff incorporates by references the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. Defendant Bouchard violated plaintiff's rights under New York City Human Rights Law §8-107, *et seq.,* by constructively discharging him from employment.

65. Plaintiff has suffered injuries and damages, including the loss of employment; back pay, front pay, pension and benefits, loss of career advancement opportunities.

66. Plaintiff requests compensatory damages, punitive damages and equitable relief (declaratory and injunctive relief), attorneys' fees and costs in an amount to be determined at trial.


**WHEREFORE**, plaintiff demands the following relief jointly and severally against defendants:

a. Equitable relief in an amount and manner to be determined at the time of trial, including for any loss of back pay, front pay, pension benefits, and health insurance coverage;

b. Compensatory and punitive damages;

c. The convening and impaneling of a jury to consider the merits of the claims;

d. Attorneys' fees and costs;

e. Injunctive and declaratory relief against all defendants; and

 f. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   August 23, 2018

                Respectfully Submitted,

                Meenan & Associates, LLC
                *Attorneys for the Plaintiff*
                299 Broadway, Suite 1310
                New York, New York 10007
                P: (212) 226-7334
                E: cmm@meenanesqs.com

                By: _/s/ Colleen M. Meenan_
                Colleen M. Meenan
                (CM 7439)

# Addendum

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Edward Conroy<br>10901 Fenway Glen Ct.<br>Riverview, FL 33578 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03190 | Carlos Jacome, Investigator | (212) 336-3756 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_ (signature)    8/14/2018

Kevin J. Berry,
District Director
(Date Mailed)

Enclosures(s)

cc: Human Resource Director
BROUCHARD TRANSPORTATION CO., INC.
58 South Service Road, Suite 150
Melville, NY 11747

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD CONROY,<br>    Plaintiff,<br><br> v.<br><br>BOUCHARD TRANSPORTATION CO., Inc.,<br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

MEENAN & ASSOCIATES, LLC
*Attorneys for Plaintiff*
299 Broadway, Suite 1310
New York, New York 10007
P: 212-226-7334; F: 212-226-7716
By: Colleen M. Meenan, Esq.
Email: cmm@meenanesqs.com